# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Eric Britten,

                Plaintiff,

v.

Chris Benson, City of Minneapolis,
Minneapolis Police Department,
and Hennepin County(John Doe), et al.,

                Defendants.

**ORDER**
Civ. No. 02-1002 ADM/JGL

_____

Eric Britten,

                Plaintiff,

v.

City of Brooklyn Center,
Brooklyn Center Police, and
Hennepin County,

                Defendants.

**ORDER**
Civ. No. 02-1059 ADM/JGL

_____

Eric Britten,

                Plaintiff,

v.

Bob Kappers, John Skoglund,
Minneapolis Police 2nd Precinct,
City of Minneapolis and Hennepin County,

                Defendants.

**ORDER**
Civ. No. 02-1192 ADM/JGL

_____

Eric Britten, pro se.

_____

These three related cases are before the undersigned United States District Judge pursuant to Plaintiff Eric Britten's ("Britten") "Motion for Relief from a Final Judgment Pursuant to Federal Rules of Civil Procedure, Rule 60(b)(6) and Rule 60(d)(1)" [Docket No. 10].

In 2002, the Court considered and dismissed all three of these civil cases for failure to state a claim.  See Britten v. Benson, 2002 U.S. Dist. LEXIS 12956 (D. Minn. July 12, 2002). Pursuant to 28 U.S.C. § 1915(g), "in no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  Britten is currently incarcerated in a federal prison in Pennsylvania. He lists several grievances that he has against the prison and prison guards and complains that he has been unable to file civil suits against them because of the three civil cases that have already been dismissed.  Britten does not claim imminent danger of physical injury.

Rule 60(b) lists the grounds for relief from a final judgment, including mistake, surprise, newly discovered evidence, fraud, and the judgment being void.  Subsection (b)(6) of Rule 60 provides an additional basis for relief, stating a final judgment or order may be set aside for "any other reason that justifies relief."  Subsection (b)(6) "does not particularize the factors that justify relief, but . . . it provides courts with authority adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice."  Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863-64 (1988) (citing Klapprott v. United States, 335 U.S. 601, 614-15 (1949)) (internal quotations omitted).  However, relief should only be granted in extraordinary circumstances.  Ackermann v. United States, 340 U.S. 193, 202, 71 S. Ct. 209, 95

L. Ed. 207 (1950).

Pursuant to Rule 60(d)(1), Rule 60(b) "does not limit a court's power to . . . entertain an independent action to relieve a party from a[n] . . . order." Fed. R. Civ. P. 60(d)(1).  However, the extraordinary relief afforded pursuant to Rule 60(d) is more difficult to obtain than relief that might be available through a timely Rule 60(b) motion.  Superior Seafoods, Inc. v. Tyson Foods, Inc., 620 F.3d 873, 878 (8th Cir. 2010).

Britten has not described or argued extraordinary circumstances to justify vacating the 2002 dismissals for failure to state a claim.  Vacating any of the dismissals would reopen cases that have long been closed.

Britten's issue is with the enforcement of 28 U.S.C. § 1915(g), not with the judgments issued by this Court.

Therefore, based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff Eric Britten's  "Motion for Relief from a Final Judgment Pursuant to Federal Rules of Civil Procedure, Rule 60(b)(6) and Rule 60(d)(1)" [Docket No. 10] is **DENIED**.

BY THE COURT:


_____s/Ann D. Montgomery_____
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  July 21, 2014.